IN THE UNITED STATES DISTRICT COURT
OR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MORGAN DARROUGH,** | § |
| *Plaintiff,* | § |
| v. | § Civil Action No. _____ |
| **FORTERRA PRESSURE PIPE, INC.** | § |
| *Defendant.* | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Morgan Darrough ("Darrough" or "Plaintiff"), complaining of Defendant Forterra Pressure Pipe, Inc. ("Forterra" or "Defendant"), and for causes of action respectfully shows the Court as follows:

### I.

### THE PARTIES

1.01   Plaintiff Morgan Darrough is an African American male, a Texas resident who can be contacted through his undersigned legal counsel.

1.02   Defendant Forterra Pressure Pipe, Inc. is a Foreign For-Profit Corporation authorized to do business in Texas with a Texas address of 300 E. John Carpenter Freeway in Dallas County, Texas. Defendant can be served with process by service upon its agent for service of process in Texas by serving Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 815 Brazos Street, Suite 500, Austin, Texas 78701.

## II.

## JURISDICTION AND VENUE

2.01   Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 42 U.S.C. §1981, 42 U.S.C. 2000e et seq., and pendent and supplemental jurisdiction of the common law counts.

2.02   Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District, pursuant to 28 U.S.C. §1391.

## III.

## FACTUAL ALLEGATIONS

3.01.   During the entire term of his employment Plaintiff experienced severe discrimination, retaliation, harassment and a hostile environment at Defendant based upon his race, African American, and color, which consisted of the following.

3.02.   Plaintiff is employed by Defendant in the warehouse from September 19, 2016 to date.  Defendant sells coffee, other beverages and beverage products and related services.

3.03   Defendant has more than 1,000 employees.

3.04   Plaintiff is a 50 year old African American male.  Defendant is a publicly owned corporation.   Plaintiff reports to Sebastian, whose title is Supervisor.

3.05   The incidences of discrimination, retaliation, harassment and hostile environment experienced by Plaintiff at Defendant included the following incidences, which have been summarized for this Complaint.

Plaintiff's Original Complaint
Morgan Darrough v. Forterra Pressure Pipe, Inc.

2

3.06    In August 2015 Plaintiff told his supervisor that Plaintiff did not like being called "Negro" and that Plaintiff knew what it meant.  His supervisor said there would be a meeting regarding the racial slur but there never was one.

3.07    In October 2015 on a Friday, Plaintiff asked his other supervisor Enrico for a new safety vest, Enrico told Plaintiff to wash the one that Plaintiff had on.  When Plaintiff returned to work on Monday Enrico gave Felipe a new vest so Plaintiff took off his vest and threw it on the floor.  Enrico finally gave Plaintiff a new vest but he also told Plaintiff to go "paint his fact" if he wanted something.

3.08    On May 5, 2016 Enrico told Plaintiff to go home because there wasn't any work.  Plaintiff asked if he was the only one being sent home and Enrico said yes.  Plaintiff went in to see Todd, Enrico's boss and asked why he was the only being sent home.  Todd told Plaintiff to go home for the rest of the day.  On May 6th when Plaintiff returned to work Todd came and talked to Plaintiff and told Plaintiff "don't come in my office again with that stuff, end of conversation".  Plaintiff felt threatened when Todd said "end of conversation".

3.09    On April 13, 2018 Plaintiff got a $0.43 raise.  Plaintiff asked Sebastian what can I do to get a raise he told me to get the tractor and clean away from under the mixer for the rest of the week.  Plaintiff did and he did not get a raise.

3.10     May 3, 2018 Plaintiff asked who he could talk to about what is going on in the company.  Enrico told Plaintiff to call Grand Prairie.  Plaintiff asked Sebastian and Enrico if they knew what prejudice was and that they were being prejudice and racist.  They just laughed at Plaintiff.

3.11    Plaintiff told them what Enrico had done over the last 3 years being prejudice. Plaintif also told them about Sebastian calling Plaintiff a "monkey". Again they just laughed. Plaintiff said if he was a machine operator he would have gotten a proper raise, so if they weren't going to train Plaintiff to be a machine operator it shouldn't stop him from getting a proper raise.

3.12    On May 18, 2018 Plaintiff asked Todd if he had told Enrico to train Alfredo to be a machine operator, Todd said yes. Plaintiff asked him if he told Enrico to train the guys from Waxahachie, he said yes. Plaintiff asked him if he told Enrico to train Juan and he said yes. Plaintiff said he had been there a year before Afredo, 2 years before the Waxahachie guys and 3 years before Juan and Plaintiff had still not been trained. Todd said nothing.

3.13    On or about June 8 Todd came into the pipe shop and Plaintiff was asking a question about the machines. Plaintiff told him that he used to run a welding machine. Todd replied that everyone is going to be trained on these machines during the holidays. Half of the people take off work during the holidays and that was going to have to stop because we had to make pipe so they trained Felipe to run the machine and Felipe said he didn't want to run the machine so Plaintiff told Enrico "I do". Nothing happened.

3.14    Up to 2018 Felipe kept saying he did not want to run the machine and Plaintiff told Enrico he will run the machine to train him.

3.15.   Defendant hired Afraido. Plaintiff had been asking for over a year to be trained on the machine so Plaintiff could run it. They instead trained Afraido. Afraido decided he did not want to run the machine so he quit. They put Felipe back on the machine.

3.16    Then the guys came from the Waxahachie plant and they trained them to run the machines. I asked Enrico if he was prejudice and that was why he was not training Plaintiff. Enrico

Plaintiff's Original Complaint
Morgan Darrough v. Forterra Pressure Pipe, Inc.

4

said that Todd was the one that said train everyone else.  Plaintiff had now been there 3 years and was still not being trained on the machines.

   3.17 I asked Sebastian over and over why I was not being trained.  He said because you look like a monkey leaning on the cages.  He called me a monkey everyday.

   3.18 August 2020 on Monday morning one of Plaintiff's co-workers was on vacation that drives the forklift.  Plaintiff had been trained on driving the forklift but the operator of the machine said he didn't want a "nigger" driving the forklift while he was operating the machine.  So they decided to put a mexican on the forklift. So Plaintiff refused to open the jackets and management told Plaintiff that is your job to open the jackets.  I told him I was also suppose to drive the forklift when someone is on vacation and this guy had only been there a year and I have been there 5 years.  I was talking to Todd about this and asked him if he could see that this was racial.  Todd replied how he is prejudice against Indians and he had nevered worked with black people before.  Plaintiff told Todd they are people too and that Plaintiff told him to look around at the prejudice in the company so Todd told Plaintiff he was going to drive the forklift after lunch.  Plaintiff told him he was just trying to cover his ass.  Todd said no he's not trying to cover his ass and he tried to convince Plaintiff that he was not prejudice.  Plaintiff told him that was bull.

   3.19 August 17, 2020 Juan was braging about how much he gets paid more than Plaintiff and he's oly been there two years.  Plaintiff said that is just wrong.

Plaintiff's Original Complaint
Morgan Darrough v. Forterra Pressure Pipe, Inc.

5

## IV.

## FIRST COUNT

### 42 U.S.C. § 1981 – RACIAL DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

4.01. The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

4.02. 42 U.S.C. §1981 provides that:

"§ 1981. EQUAL RIGHTS UNDER THE LAW

(a) Statement of equal rights. – All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) 'Make and enforce contracts' defined. – For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment. – The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State Law."

4.03 Defendant has deprived Plaintiff of his right to make and enforce contracts and to "the full and equal benefit of all laws and proceedings" as is enjoyed by other citizens, in violation of 42 U.S.C. § 1981.

4.04 Defendant has engaged in a single, continuous course of conduct of discrimination against Plaintiff because of his race, and in retaliation, in order to destroy Plaintiff, his career, and his professional life.

Plaintiff's Original Complaint
Morgan Darrough v. Forterra Pressure Pipe, Inc.

6

4.05   Such discrimination by Defendant against Plaintiff was intentional and was a motivating factor in Defendant's conduct toward Plaintiff.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, overtime pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.  Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court.  Plaintiff also seeks to recover all costs of Court, attorney's fees, and expert fees.

## V.

## JURY DEMAND

5.01 Plaintiff demands trial by jury on all issues raised by this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have the following relief against Defendant:

1. Judgment for back and front pay and all past and future lost benefits, including overtime pay;

2. Judgment for actual damages in the amount of past and future lost earnings and benefits, and damages to past and future earnings capacity;

3. Compensatory damages for the humiliation, damage to reputation, mental and emotional distress, and pain and suffering Plaintiff has experienced and endured as a result of the discriminatory actions of Defendant;

4. The costs and expenses incurred by Plaintiff in seeking new employment;

5. Damages for past and future mental anguish and emotional distress and damages to reputation;

Plaintiff's Original Complaint
Morgan Darrough v. Forterra Pressure Pipe, Inc.

7

6.  Exemplary damages in an amount determined by the trier of fact;

7.  Prejudgment and postjudgment interest at the maximum legal rate;

8.  Preliminary and permanent injunctive relief;

9.  Attorney's fees;

10. Expert's fees;

11. All costs of court; and

12. Such other and further relief to which Plaintiff may be justly entitled.

Dated: This 16th day of August, 2021.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: *W. D. Masterson*

W. D. Masterson
SBN 13184000
wdm@kilgorelaw.com
D. Elizabeth Masterson
SBN: 00791200
**Kilgore & Kilgore, PLLC**
3109 Carlisle Street
Dallas, TX  75204
214-969-9099 – Telephone
214-953-0133 – Fax

**ATTORNEYS FOR PLAINTIFF
MORGAN DARROUGH**

Plaintiff's Original Complaint
Morgan Darrough v. Forterra Pressure Pipe, Inc.

8